IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TIMOTHY R. TROXELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-12-01835 |
| | § | |
| CITY OF SOUTH HOUSTON, TEXAS | § | |
| and POLICE CIVIL SERVICE | § | |
| COMMISSION, CITY OF SOUTH | § | |
| HOUSTON, TEXAS, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION**

Pending before the court[1] is Defendants' Motion to Dismiss (Doc. 14).  The court has considered the motion, all other relevant filings, and the applicable law.  For the reasons set forth below, the court **RECOMMENDS** that Defendants' Motion to Dismiss be **GRANTED IN PART** and that the state law claims be **REMANDED** to state court.

## I.  Case Background

Plaintiff filed this action on May 18, 2012, in the 234th District Court of Harris County, Texas, and Defendant removed it to this court on June 20, 2012.[2] Plaintiff alleged that the City of South Houston ("City") and the Police Civil Service Commission,

---

[1]     This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. §636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  Docs. 12, 13.

[2]     See Doc. 1, Notice of Removal; Doc. 1-1, Ex. A to Notice of Removal, Pl.'s Orig. Pet. p. 1.

City of South Houston ("Commission") violated his due process
rights.[3]

Defendants filed a motion to dismiss pursuant to Federal Rule
of Civil Procedure ("Rule") 12(c), asserting, in part, that
Plaintiff has not alleged a due process violation in connection
with his indefinite suspension.[4]

A. **Factual History**

Plaintiff was hired by the City in February 2003 and achieved
the rank of sergeant with the City's police department (the
"Department").[5]   On the night of October 3, 2008, Plaintiff and
Tina Perez ("Officer Perez"), his ex-girlfriend and a City of
Pasadena police officer, went to a bar for drinks.[6]   The night
ended in a physical altercation between Plaintiff, Officer Perez,
and another City of Pasadena police officer, Marvin Oellette.[7]   The
police were called, and Sergeant Kraatz of the Department conducted

---

[3]      See id. p. 2.

[4]      See Doc. 14, Defs.' Mot. to Dismiss pp. 1, 19.

[5]      See Doc. 1-1, Ex. A-A to Notice of Removal, Award Upholding
Indefinite Suspension p. 8.  Plaintiff's pleading did not provide certain basic
facts.  See Doc. 1-1, Ex. A to Notice of Removal, Pl.'s Orig. Pet.  However,
Plaintiff attached to his petition and incorporated therein the hearing
examiner's decision.  See Doc. 1-1, Ex. A-A to Notice of Removal, Award Upholding
Indefinite Suspension.  The court relies on the hearing examiner's uncontested
recitation of the underlying facts.  See Lovelace v. Software Spectrum Inc., 78
F.3d 1015, 1017-18 (5th Cir. 1996) (holding that the court, when considering a
motion to dismiss, is limited to facts proffered in Plaintiff's original
complaint, the documents attached or incorporated in the complaint, and any
matters subject to judicial notice).

[6]      See Doc. 1-1, Ex. A-A to Notice of Removal, Award Upholding
Indefinite Suspension p. 8.

[7]      See id. p. 9.

an interview of Plaintiff at the scene.[8]

Plaintiff was arrested and charged with felony aggravated assault with a deadly weapon.[9]    On October 6, 2008, the Department's chief of police, Herbert R. Gilbert ("Chief Gilbert"), placed Plaintiff on temporary suspension without pay for a period not to exceed thirty days after the date of the final disposition of the felony charge.[10] On December 18, 2008, a Harris County grand jury charged Plaintiff with assault.[11]   The assault charge was dismissed on July 19, 2010.[12]

On July 28, 2010, Chief Gilbert met with Plaintiff, notifying him that an administrative investigation would be conducted into the altercation.[13]  On August 3, 2010, the Department gave Plaintiff a Garrity warning[14] and, as mandated by direct order, Plaintiff

---

[8]     See Doc. 1-2, Ex. A-A to Notice of Removal, Award Upholding Indefinite Suspension p. 26.

[9]     See Doc. 1-1, Ex. A-A to Notice of Removal, Award Upholding Indefinite Suspension p. 10.

[10]     See id.

[11]     See id.

[12]     See id.

[13]     See id.

[14]     A Garrity warning is a warning issued by law enforcement officers to an officer who is being questioned regarding actions in a criminal prosecution. See Garrity v. New Jersey, 385 U.S. 493 (1967).  Upon invoking the Garrity rule, an officer invokes his right against self-incrimination and any statement made by the officer may only be used for departmental investigation purposes and not for criminal prosecution purposes.   See id. at 500.

provided a written statement about the events of October 3, 2008.[15]

On August 16, 2010, the Department issued Plaintiff a letter of indefinite suspension for violations of the Department's rules and regulations.[16]   The letter specifically alleged that Plaintiff violated section 143.051(12) of the Texas Local Government Code, which provides cause for suspension of an officer if a violation of an applicable police department rule or special order has been committed.[17]   Within the letter, the Department cited the rules of conduct located in the Department's general orders.[18]   The Department alleged that Plaintiff violated rules against conduct unbecoming of an officer, nonconformance to laws, untruthfulness, conduct prejudicial to good order, use of intoxicants off duty, and use of force.[19]   The letter informed Plaintiff how to appeal the dismissal to an independent hearing examiner.[20]

On August 17, 2010, the Combined Law Enforcement Association of Texas ("CLEAT") filed an appeal of Plaintiff's suspension.[21]   Two

---

[15]    See Doc. 1-1,  Ex. A-A to Notice of Removal, Award Upholding Indefinite Suspension p. 10; see also id. p. 6.

[16]    See Doc. 1-2, Ex. A-A to Notice of Removal, Indefinite Suspension Letter from Herbert R. Gilbert to Plaintiff Dated Aug. 16, 2010.  This letter was attached as an appendix to the hearing examiner's decision.

[17]    See id.

[18]    See id.

[19]    See id.

[20]    See id.

[21]    See Doc. 1-1, Ex. A-A to Notice of Removal, Award Upholding Indefinite Suspension p. 10.

days later, Plaintiff was charged in a second indictment with aggravated assault by a Harris County grand jury.[22]  On August 30, 2010, Chief Gilbert issued a notice of temporary suspension pursuant to section 143.056(a) of the Texas Local Government Code, which authorizes suspension of employment based on pending criminal charges.[23]

On July 18, 2011, the second indictment was dismissed.[24]  On July 27, 2011, Plaintiff notified the Commission that he was ready to proceed to arbitration on his indefinite suspension.[25]  Plaintiff appealed the indefinite suspension, and an arbitration hearing by an independent hearing examiner was commenced on March 19, 2012.[26] The parties agreed that the matter was properly before the hearing examiner for a final decision and award.[27]  At the hearing, "the parties were given full opportunity to present testimony, to examine and cross-examine witnesses under oath, to offer exhibits, to raise objections, and to otherwise make known their respective positions and arguments on the issues involved in this matter."[28]

---

[22]     See id.

[23]     See id. p. 11.

[24]     See id. p. 11 n.13 (stating that the hearing testimony failed to explain why a second indictment was issued and later dismissed).

[25]     See id.

[26]     See id. p. 1. No transcript was made of the hearing proceedings.

[27]     See id.

[28]     Id.

During the hearing, testimony regarding the August 16, 2010 meeting and the circumstances surrounding Plaintiff's receipt of the letter of indefinite suspension varied.[29]   Chief Gilbert testified that he met with Plaintiff on August 16, 2010, gave Plaintiff the letter of indefinite suspension, and asked Plaintiff if there were any discrepancies.[30]   No notes from the meeting were produced at the hearing.[31]   Chief Gilbert also testified that Captain Sharon Highfill ("Captain Highfill") was present for the meeting.[32]   Plaintiff testified that the letter was given to him by Captain Highfill.[33]   Captain Highfill had no specific recollection of being present at the meeting and testified that she had never been requested by Chief Gilbert to issue a letter of indefinite suspension.[34]

On May 7, 2012, the hearing examiner issued her decision denying Plaintiff's appeal of his indefinite suspension.[35]   The hearing examiner found that Plaintiff's behavior on the night of

---

[29]   See Doc. 1-2, Ex. A-A to Notice of Removal, Award Upholding Indefinite Suspension p. 28.

[30]   See id.

[31]   See Doc. 1-1, Ex. A to Notice of Removal, Pl.'s Orig. Pet. p. 3.

[32]   See Doc. 1-2, Ex. A-A to Notice of Removal, Award Upholding Indefinite Suspension p. 28.

[33]   See id.

[34]   See id.

[35]   See Doc. 1-1, Ex. A-A to Notice of Removal, Award Upholding Indefinite Suspension p. 1.

October 3, 2008, was conduct unbecoming of an officer, that he had
not obeyed all laws, and that his conduct was prejudicial to good
order, all violations of the Department's rules of conduct.[36]  In
relevant part, the hearing examiner found that the August 16, 2010
letter of indefinite suspension given to Plaintiff by Chief Gilbert
at the face-to-face meeting provided Plaintiff with sufficient
notice and opportunity to be heard before his termination.[37]  The
hearing examiner found that this meeting between Plaintiff and
Chief Gilbert met the minimum Loudermill[38] requirements for a pre-
termination hearing, specifically finding that Chief Gilbert's
testimony regarding the events of August 16, 2010, was credible.[39]

## B. Procedural History

Plaintiff filed this action on May 18, 2012, in the 234th
District Court of Harris County seeking a declaration "for the
enforcement of his rights of due process under Chapter 614 of the
Texas Government Code, Chapter 143 of the Texas Local Government
Code, the Constitution of the United States, and the Constitution
of the State of Texas."[40]  Defendants filed their notice of removal

---

[36]    See id. pp. 12-14.

[37]    See Doc. 1-2, Ex. A-A to Defs.' Notice of Removal, Award Upholding
Indefinite Suspension p. 26.

[38]    See Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532 (1985).

[39]    See Doc. 1-2, Ex. A-A to Defs.' Notice of Removal, Award Upholding
Indefinite Suspension p. 28.

[40]    Doc. 1-1, Ex. A to Defs.' Notice of Removal, Pl.'s Orig. Pet. p. 7;
see also Doc. 1, Defs.' Notice of Removal; Doc. 3, Pl.'s Mot. to Remand, p. 1.

on June 20, 2012, arguing removal was appropriate under Title 28 U.S.C. § 1441 in that Plaintiff's action involved civil claims arising under the Constitution and the laws of the United States.[41] Plaintiff filed a motion to remand on July 16, 2012, which was subsequently denied on September 11, 2012.[42] Defendants filed their motion to dismiss, now before the court, on February 20, 2013.[43]

## II. Dismissal Standard

Pursuant to Rule 12(c), a party may move for judgment on the pleadings after the pleadings are closed and early enough in the litigation not to delay trial.   "Judgment on the pleadings is appropriate only if material facts are not in dispute and questions of law are all that remain."   Voest-Alpine Trading USA Corp. v. Bank of China, 142 F.3d 887, 891 (5th Cir. 1998) (citing Hebert Abstract Co. v. Touchstone Props., Ltd., 914 F.2d 74, 76 (5th Cir. 1990), which explained that Rule 12(c) motions were designed for situations where a judgment can be rendered based on the undisputed material facts in the pleadings and judicially noticed facts).

The same standard is used in considering a motion for judgment on the pleadings as is used in considering a Rule 12(b)(6) motion to dismiss.   Gentilello v. Rege, 627 F.3d 540, 543-44 (5th Cir.

---

[41]     See Doc. 10, Order Denying Pl.'s Mot. to Remand.

[42]     See Doc. 3, Pl.'s Mot. to Remand pp. 1-3; Doc. 10, Order Denying Pl.'s Mot. to Remand.

[43]     See Doc. 14, Defs.' Mot. to Dismiss.  Plaintiff failed to respond to Defendants' motion to dismiss, however, in considering this motion, the court takes into account Plaintiff's arguments found in his Motion for Judgment on the Pleadings, Doc. 21.

2010).  Rule 12(b)(6) allows dismissal of an action whenever the complaint, on its face, fails to "state a claim upon which relief can be granted."  When considering a motion to dismiss, the court should construe the allegations in a complaint favorably to the pleader and accept as true all well-pleaded facts.  <u>Sullivan v. Leor Energy, LLC</u>, 600 F.3d 542, 546 (5th Cir. 2010).  The court is limited in its review to the facts in the complaint, the documents attached or incorporated in the complaint, and any matters subject to judicial notice.  <u>Lovelace v. Software Spectrum Inc.</u>, 78 F.3d 1015, 1017-18 (5th Cir. 1996).

A complaint need not contain "detailed factual allegations" but must include sufficient facts to indicate the plausibility of the claims asserted, raising the "right to relief above the speculative level." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007); <u>see also</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).  Plausibility means that the factual content "allows the court to draw the reasonable inferences that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678.  A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  <u>Twombly</u>, 550 U.S. at 555.  In other words, the factual allegations must allow for an inference of "more than a sheer possibility that a defendant has acted unlawfully." <u>Iqbal</u>, 556 U.S. at 678.

### III. Analysis

Plaintiff's original petition alleged that his dismissal was

procured in violation of his procedural due process rights under state and federal law.[44]  Though Plaintiff does not specifically seek relief under 42 U.S.C. § 1983 ("Section 1983"), the court construes Plaintiff's request for declaratory judgment pursuant to the U.S. Constitution as alleging a procedural due process cause of action under the Fourteenth Amendment.  The court begins its analysis with this federal question.

## A. <u>Section 1983</u>

A plaintiff can establish a prima facie case under Section 1983[45] for the deprivation of civil rights by establishing: (1) a violation of a federal constitutional or statutory right; and (2) that the violation was committed by an individual acting under the color of state law.  See <u>Doe v. Rains Cty. Indep. Sch. Dist.</u>, 66 F.3d 1402, 1406 (5th Cir. 1995).  The statute creates no substantive rights, but only provides remedies for deprivations of rights created under federal law.  See <u>Graham v. Connor</u>, 490 U.S. 386,

---

[44]    Plaintiff's original petition also alluded to an equal protection violation.  Plaintiff provided no facts or explanation to support this claim; most notably, he offered neither his protected status nor how he was treated differently from other similarly situated individuals.  Therefore, the court finds that Plaintiff failed to state a claim for equal protection.

[45]    The provision reads, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

393–94 (1989).  Along with the due process clause of the Fourteenth Amendment, Section 1983 allows a plaintiff to assert a procedural due process violation when a deprivation of life, liberty, or property has occurred without due process of law.  See U.S. Const. amend. XIV; 42 U.S.C. § 1983.

## B. Procedural Due Process

The constitutional guarantee of due process also includes procedural protections including, at minimum, notice and an opportunity to be heard in a meaningful time and manner.  Gibson v. Tex. Dept. of Ins.-Div. of Workers' Comp., 700 F.3d 227, 239 (5th Cir. 2012)(citing Fuentes v. Shevin, 407 U.S. 67, 80 (1972)); see also Bowlby v. City of Aberdeen, Miss., 681 F.3d 215, 222 (5th Cir. 2012)("[T]he injury that stems from a denial of due process is not the liberty or property that was taken from the plaintiff, but the fact that it was taken without sufficient process.").  The analysis of a procedural due process claim has two steps: 1) whether a liberty or property interest exists with which the state has interfered; and 2) "whether the procedures attendant upon that deprivation were constitutionally sufficient." Meza v. Livingston, 607 F.3d 392, 399 (5th Cir. 2010), clarified on denial of reh'g, (quoting Ky. Dep't of Corr. v. Thompson, 490 U.S. 454, 460 (1989)).

In 1985, the Supreme Court, while holding that "some kind of hearing" is required for due process when a public employee is considered for dismissal, stipulated that "the pretermination 'hearing,' though necessary, need not be elaborate" to achieve

adequate due process.   Cleveland Bd. of Educ. v. Loudermill, 470

U.S. 532, 542, 545 (1985)(quoting Bd. of Regents of State Colls. v.

Roth, 408 U.S. 564, 569-70 (1972); Boddie v. Conn., 401 U.S. 371,

379 (1971)).   In Loudermill, the Supreme Court held that whether a

pretermination hearing was needed could be determined by balancing

the  compelling  interests  at  stake:  the  employee's  interest  in

retaining  employment,  the  government's  interest  in  a  prompt  and

efficient  removal  of  unsatisfactory  employees,  and  the  risk  of

erroneous termination.   See id. at 542–43.

The  purpose  of  a  pretermination  hearing  is  to  provide  "an

initial check against mistaken decisions" and "a determination of

whether there are reasonable grounds to believe that the charges

against the employee are true and support the proposed action."

Id. at 545-46.   To  establish  the  level  of  formality  and  the

procedural  requisites  due  for  a  pretermination  hearing,  the  Court

looked to the "importance of the interests involved and the nature

of the subsequent proceedings." Id. at 545.   In the interest of an

efficient  but  fairly  decided  termination  process,  prior  to

termination, a tenured public employee is entitled to:   1) "oral or

written notice of the charges against him;" 2) "an explanation of

the employer's evidence;" and 3) "an opportunity to present his

side of the story."   Id. at 546.

In Browning v. City of Odessa, 990 F.2d 842, 844-45 (5th Cir.

1993), a firefighter was provided a thirty-minute pretermination

meeting with the fire chief, wherein the firefighter was notified

of his pending dismissal, informed of the reasons for his dismissal, and given an opportunity to respond.  In that case, the evidence clearly showed that the fire chief had met with the firefighter prior to his dismissal to discuss the reasons for termination and that the firefighter had been allowed to orally present his side of the story.  Id.  The firefighter failed to convince the chief that his termination was not warranted, and he was dismissed the same day.  Id. at p. 843.

Applying Loudermill, the Browning court reiterated that "[a] satisfactory pretermination 'hearing' need not be elaborate, for such a hearing is merely designed to prevent the employer from making a mistake."  Id. at 844.  The court further noted that nothing more than an informal thirty-minute meeting was necessary given the availability of an elaborate post-termination hearing. See id. at 844-45.  Thus, the Fifth Circuit found that the firefighter's thirty-minute meeting with the fire chief, though informal, "clearly met the minimum requirements of the Due Process Clause."  Id. at 845.

## C. Discussion

There is no dispute that Plaintiff had a property interest in his continued employment.  Thus, the court moves to the second step of the due process analysis.

Plaintiff argues that the hearing examiner's ruling that Plaintiff was provided with a sufficient pretermination hearing under Loudermill was not supported by the facts.  Based on this

13

premise, Plaintiff concludes that the hearing examiner's post-termination decision therefore denied Plaintiff of constitutional due process.  The court rejects both arguments.

At the post-termination hearing, Plaintiff presented testimony on his behalf, examined and cross-examined witnesses who were under oath, offered exhibits (such as the August 16, 2010 letter of indefinite suspension) and presented argument on his own behalf. The hearing provided Plaintiff with the minimum requirements of due process, and the hearing examiner's analysis of the facts and ultimate opinion denying Plaintiff's reinstatement was detailed and complete.  Plaintiff's disagreement with the hearing examiner's conclusion does not render the post-termination hearing constitutionally infirm.

With regard to Plaintiff's due process complaints about his pretermination hearing, the court does not agree that Plaintiff was denied the minimum process required by the U.S. Constitution. Plaintiff was provided with suitable notice, both written and oral, of his pending termination, was given an explanation of the Department's evidence against him, and was provided with an opportunity to speak on his own behalf.  Given the exhaustive nature of Plaintiff's post-termination proceedings and his ability to appeal the Department's decision, the formality of the pretermination hearing in Plaintiff's case need only be minimal to insure that his dismissal was not based on mistaken facts or unreasonable grounds.  See Loudermill, 470 U.S. at 542-46.

To begin with, Plaintiff was given the opportunity to recount his version of the events that took place on October 3, 2008, when he responded in writing to the Garrity letter he received on August 3, 2010.  On that date, the Department informed Plaintiff that it would be investigating the altercation.  The required Garrity response provided Plaintiff with the opportunity to present his account of the altercation for consideration in the investigation, preceding the decision to terminate his employment.  Independent of the events of August 16, 2010, Plaintiff's due process right to be heard in his own defense was fulfilled by the August 3, 2010 written statement Plaintiff provided.  This exchange between Plaintiff and the Department, on its own, approaches the minimum requirements under Loudermill.

Additional notice, explanation, and opportunity to be heard came in the form of the letter of indefinite suspension which Plaintiff unquestionably received on August 16, 2010.[46] That letter provided Plaintiff with ample information regarding the allegations against him, citing specific rules he was alleged to have violated. Further, the letter explained Plaintiff's right to a post-termination hearing as method to appeal his dismissal.  Because the

---

[46]     The court recognizes that minor discrepancies exist in the recollections of those present at the August 16, 2010 meeting.  However, Plaintiff's contention that the meeting *may not* have taken place because no notes from the meeting were produced and because Captain Highfill was unable to recall the meeting, falls short of alleging sufficient facts that the meeting *did not* take place.  Plaintiff's allegations are insufficient under Iqbal to provide more than a sheer possibility of the Defendants' wrongdoing.  See Iqbal, 556 U.S. at 678.

intent of a pretermination hearing is to prevent mistake and provide employees with notice and opportunity to voice a defense, the court must find that, upon receipt of a detailed letter twenty-four hours prior to his indefinite suspension, Plaintiff was provided with notice and time to address any wrongful allegations that were not covered by his previous written statement.

In total, Plaintiff's pretermination process was more extensive than that afforded the firefighter in <u>Browning</u>, who was only given a thirty-minute meeting with his chief, did not receive documentation of the specific violations alleged against him, and did not have the opportunity to provide any written statement on his own behalf.  In this case, the court finds that Plaintiff was afforded the minimum requirements of a pretermination hearing under <u>Loudermill</u>.  Plaintiff's post-termination hearing, as well as his pretermination hearing, adequately protected his property interest in continued employment.  Thus, Plaintiff was afforded sufficient procedural due process under the U.S. Constitution.

### IV. Conclusion

Based on the foregoing, the court **RECOMMENDS** that Defendants' Motion to Dismiss as to Plaintiff's causes of action under the U.S. Constitution be **GRANTED**.  Because the court finds dismissal of Plaintiff's only federal claim appropriate, the undersigned further **RECOMMENDS** that the court decline to exercise supplemental jurisdiction over Plaintiff's claims of due process violations

arising under Texas state law and that those claims be **REMANDED** to the 234<sup></sup>th District Court of Harris County, Texas.  See 28 U.S.C. § 1367(c)(3); <u>Moore v. Willis Indep. Sch. Dist.</u>, 233 F.3d 871, 876 (5th Cir. 2000).

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically.  Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 11th  day of July, 2013.

Nancy K. Johnson
United States Magistrate Judge

17